Tauiafeeeo, J.
Charles D. Yancey died in July, 1861, leaving a widow and a minor child. He left a will, among the provisions of which is the following clause:
“I give and bequeath to my wife the further sum of ten thousand dollars, which I desire her to use for the benefit of her brothers and sisters, Eugene, Louise, Mathilde and Louis H. Malarcher, according to her best judgment and discretion, which is to be paid after the discharge of the debts; and, provided further, the same shall not exceed the full amount coming to the heirs and children aforesaid of Robert S. Yancey.”
*163 The testator’s wife died in. January, 1862, having survived the child; the legatees named in the will, and Camille Malarcher, a sister, being her only heirs. The four brothers and sisters named as legatees claim this legacy, in their own right, as legatees. They also, by an amended petition, claim it as heirs of their deceased sister, Mrs. Yancey. Mrs. Camille Malarcher intervened, claiming a portion of the legacy as an heir of her sister, Mrs. Yancey. This suit is brought by the administrator of Yancey’s estate and the four legatees against the executor to compel him to pay the legacy.
The executor answered that the bequest is a substitution or fidei-commissum, and null and void; that the succession of Yancey is still in course of liquidation; that large debts against it are remaining unpaid, and if the clause of the will, under which the plaintiffs set up the demand, be valid, still, by its conditions, the amount to be paid is contingent, and not at present ascertainable. Judgment in the court below was rendered in favor of the defendant, declaring the nullity of the donation as a trust or fidei-commissum, reprobated by law. From this judgment the plaintiffs have appealed.
The only question submitted to the Court is, as to the validity of the legacy.
The ten thousand dollars are given to the wife, not for her own use and benefit, but for the benefit of her brothers and sisters. She is not to appropriate it in any manner except for their benefit. She is clothed with a discretion which is limited. She is to determine the mode or manner and the proportions in which the legacy is to be distributed. But she is not vested with the power to withhold it. The proviso at the end of the clause renders the amount to be paid contingent. The testator appointed his wife executrix, and the defendant and another executors of his last will and testament. This legacy, it may be assumed, was to be discharged by the wife as executrix.
Our Code has not abolished naked trusts, uncoupled with an interest, to be executed immediately. Mathurin v. Livaudais, 5 N. S. 302. Henderson v. Ross, 5 An. 472. Here the wife has no interest in the donation, but is charged to return the thing to a third party upon the happening of a future event, which may soon occur, or be protracted for a length of time. The seizin of the executors commenced in July, 1861, and the debts of the estate, after a period of six years, remain unsettled. We can not regard the clause of the will under consideration as constituting that kind of naked trust tolerated by our law; nor can we assimilate it to that class of fidei-commissa, in which the donee is not charged to preserve the property during his natural life, and in which it is not tied up in his hands, nor where he is forbidden to alienate it; but where the property is to be transferred to a third person only in case the first donee should not convert it to his own use. In such a case the Udei-commissum is null, being in violation of a prohibitory law, but valid as to the first donee. Beaulieu v. Ternoir, 5 An. 476. Neither is the intended donation to the brothers and sisters of the testator’s wife a substitution. But as the terms of the bequest imply the charge to preserve and return the thing to the persons intended to be benefitted by the legacy, it must be held *164 to import a disposition reprobated by law, and that it is, therefore, null and void. Civil Code, article 1507.
It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed, with costs in both courts.